T.C. Memo. 2012-59

UNITED STATES TAX COURT

KURT A. STRODE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 27274-08, 10493-10.          Filed March 5, 2012.

R issued notices of deficiency determining deficiencies in
Federal income taxes for P's 2005 and 2007 tax years and an I.R.C.
sec. 6662(a) accuracy-related penalty for 2007.  The deficiencies stem
primarily from R's determination that P could not deduct losses from
an activity reported on Schedule C.

Held:  P is liable for the deficiencies.

Held, further,  P is liable for the accuracy-related penalty
for 2007.

Douglas E. Klein, for petitioner.

Jenny R. Casey, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  These cases are before the Court on petitions for redetermination of petitioner's income tax deficiencies for 2005 and 2007 and penalty for 2007 as determined by respondent.  The issues for decision are:

(1) whether petitioner is entitled to loss deductions claimed on Schedules C, Profit or Loss From Business, of $80,345 and $84,240 for the 2005 and 2007 tax years, respectively;[1] and

(2) whether petitioner is liable for a section 6662(a) accuracy-related penalty for the 2007 tax year.[2]

---

[1]An adjustment to petitioner's student loan interest deductions for 2005 and 2007 and an adjustment to itemized deductions for 2007 are computational and will depend on the outcome of this issue.

[2]All section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated. The stipulated facts and the accompanying exhibits are incorporated by this reference. At the time petitioner filed his petitions, he resided in California. Petitioner did not testify at trial, and the only evidence submitted at the trial consists of the stipulated facts and exhibits.[3]

The Court has taken judicial notice of the State Bar of California records reflecting that petitioner is an attorney and has been a member of the State Bar of California since December 1992. Petitioner filed Forms 1040, U.S. Individual Income Tax Return, for the 2005 and 2007 tax years, attaching to each a Schedule C which listed his principal business as "International Consulting" and the business name as "Intcom". Petitioner incorporated IntCom, Inc., in California on July 29, 1997, by filing articles of incorporation with the California secretary of state.

---

[3]At trial respondent objected to Exhibits 17-P, 20-P through 23-P, and 25-P. Exhibit 17-P was rejected at trial on the grounds of relevance. Ruling on Exhibit 20-P was reserved; this Court overrules respondent's objection and finds that the exhibit was not being introduced for the truth of the matter, but rather, to show that petitioner was exploring business options. Exhibit 21-P was rejected on the grounds of relevance. The objection to Exhibit 22-P was overruled and Exhibit 22-P was admitted at trial, and Exhibit 23-P was rejected.

For the 2003 through 2008 tax years petitioner reported on his Forms 1040 the following amounts of salary income, gross income from the activity, expenses from the activity, net profit or from the activity, and gross income.

| Year | Salary income | Gross income from activity | Expenses of activity | Net profit or (loss) from activity | Adjusted gross income |
|------|------|------|------|------|------|
| 2003 | $125,741 | --- | $35,263 | ($35,263) | $91,988 |
| 2004 | 135,527 | --- | 70,892 | (70,892) | 67,268 |
| 2005 | 137,069 | --- | 80,345 | (80,345) | 62,217 |
| 2006 | 133,527 | --- | 88,578 | (88,578) | 49,606 |
| 2007 | 138,750 | --- | 84,240 | (84,240) | 59,501 |
| 2008 | 159,229 | --- | 88,184 | (88,184) | 77,329 |
| Total | 829,843 | --- | 447,502 | (447,502) | 407,909 |

On August 11, 2008, respondent issued petitioner a statutory notice of deficiency determining an income tax deficiency of $10,845 for the 2005 tax year. Petitioner timely filed a petition with this Court on November 10, 2008, at docket No. 27274-08S.[4]  On February 18, 2010, respondent issued petitioner a statutory notice of deficiency determining an income tax deficiency of $23,119 and a

---

[4]On petitioner's motion and following a hearing, this Court removed the sec. 7463 small case "S" designation by order on December 7, 2009, thereby converting this matter to regular case status and changing the docket number to 27274-08.

section 6662(a) penalty of $4,623.80 for the 2007 tax year. Petitioner timely filed a petition with this Court on May 7, 2010, at docket No. 10493-10.

On May 26, 2010, respondent filed a motion for leave to file an amendment to answer in docket No. 27274-08 which was granted on June 7, 2010. Respondent submitted an amendment to answer in docket No. 27274-08 which was filed June 7, 2010, asserting that petitioner's activity reported on his 2005 Schedule C was not entered into for profit and therefore under section 183 he was not entitled to deduct any losses greater than that activity's gross income. This answer increased the determined 2005 deficiency to $21,908 and aligned respondent's arguments in the two cases. The two cases were consolidated for trial, briefing, and opinion on June 7, 2010.[5] A trial was held in Los Angeles, California, on May 25, 2011.[6]

---

[5]On brief, petitioner claims that the amounts in dispute are a deficiency of $10,845 and a penalty of $12,848.61 for 2005 and a deficiency of $29,833.98 and a penalty of $30,199.08 (including a proposed penalty of $4,623.80) for 2007. It is unclear how petitioner arrives at these figures. Apparently he failed to use the increased deficiency and penalty, and he perhaps added interest.

[6]The case at docket No. 27274-08 was initially set for trial on December 7, 2009. On January 8, 2010, it was set for trial on June 14, 2010. It was again continued on June 3, 2010, this time on respondent's request. The two cases were then consolidated on June 7, 2010, and set for trial on December 6, 2010. Petitioner again requested a continuance on November 12, 2010, which was granted on November 17, 2010. The consolidated cases were then set for trial on May 23,

(continued...)

OPINION

I.     Burden of Proof

The Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, pursuant to section 7491(a)(1), the burden of proof as to a factual issue that affects the taxpayer's tax liability may be shifted to the Commissioner.  Sec. 7491(a).  Petitioner did not argue that the burden should shift and, as we find below, failed to maintain the required records or comply with the substantiation and cooperation

---

[6](...continued)
2011.  On April 19, 2011, the Court issued an order for a joint status report, noting "that absent a real emergency, it would not even consider a continuance, unless and until the parties demonstrate significant progress toward either settlement or preparing for trial."  On May 2, 2011, petitioner hand delivered another motion for continuance explaining that in April 2011 he "was assigned a very sensitive and extremely confidential project involving a highly complex transaction involving the issuance of securities, a task that is expected to last through mid to late August 2011."  The motion was denied on May 5, 2011, because it "was filed less than 30 days before the scheduled calendar, and no sufficient cause for the delay is reflected therein."  The Court did offer that "Petitioner may renew his motion for continuance at the calendar call but, absent significant and meaningful progress towards settlement or trial, it will again be denied absent true emergency."  At the calendar call on May 23, 2011, petitioner renewed his motion for a continuance, which was again denied.  At trial on May 25, 2011, petitioner's counsel again renewed this motion because petitioner contended that he could not leave work at any time during the scheduled trial session.  The motion for continuance was again denied.

requirements of section 7491(a)(2).  Accordingly, the burden of proof remains on petitioner.  However, the increased deficiency for the 2005 tax year was not part of the statutory notice of deficiency and is therefore a new matter within the meaning of Rule 142(a) as to which respondent has the burden of proof.

## II.    Section 183 "Hobby Loss"

Respondent contends that the losses related to petitioner's activity are not deductible because the activity was not engaged in for profit within the meaning of section 183.  Section 183(a) generally disallows deductions attributable to activities not engaged in for profit to the extent they would exceed the gross income from such activity.  Section 183(c) defines an "activity not engaged in for profit" as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212."

The Court of Appeals for the Ninth Circuit, to which an appeal in these cases would lie absent stipulation to the contrary, has held that an activity is engaged in for profit if the taxpayer's "predominant, primary or principal objective" in engaging in the activity was to realize an economic profit independent of tax savings.  Wolf v. Commissioner, 4 F.3d 709, 713 (9th Cir. 1993), aff'g T.C. Memo. 1991-212.

Section 1.183-2(b), Income Tax Regs., sets forth a nonexclusive list of factors to be considered in determining whether an activity is engaged in for profit: (1) the manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned from the activity; (8) the financial status of the taxpayer; and (9) elements of personal pleasure or recreation.

No single factor or set of factors is conclusive in determining whether an activity is engaged in for profit, nor is the number of these factors for or against the taxpayer necessarily conclusive in that respect. Golanty v. Commissioner, 72 T.C. 411, 426 (1979), aff'd without published opinion, 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. All facts and circumstances with respect to the activity must be taken into account. Sec. 1.183-2(b), Income Tax Regs.

A.    The Manner in Which the Taxpayer Carries On the Activity

The fact that the taxpayer carries on the activity in a businesslike manner may indicate that the activity is engaged in for profit. Sec. 1.183-2(b)(1), Income Tax

Regs. Three common inquiries are considered in this context: (1) whether the taxpayer maintained complete and accurate books and records for the activity; (2) whether the taxpayer conducted the activity in a manner substantially similar to those of other comparable activities that were profitable; and (3) whether the taxpayer changed operating procedures, adopted new techniques, or abandoned unprofitable methods in a manner consistent with an intent to improve profitability. Giles v. Commissioner, T.C. Memo. 2005-28; sec. 1.183-2(b)(1), Income Tax Regs.

Petitioner did not "prepare any business or profit plans, profit or loss statements, balance sheets, or financial break-even analyses" for the activity. See Dodge v. Commissioner, T.C. Memo. 1998-89, aff'd without published opinion, 188 F.3d 507 (6th Cir. 1999). The record does not contain any evidence as to the type of business or whether it was conducted in a manner substantially similar to those of other comparable activities that were profitable, nor whether petitioner changed operating procedures or abandoned unprofitable methods. This factor favors respondent.

B. The Expertise of the Taxpayer or His Advisers

"Preparation for the activity by extensive study of its accepted business, economic, and scientific practices, or consultation with those who are expert

therein, may indicate that the taxpayer has a profit motive where the taxpayer carries on the activity in accordance with such practices." Sec. 1.183-2(b)(2), Income Tax Regs. There is little evidence relating to petitioner's expertise in the activity. This factor is neutral.

C. <u>The Time and Effort Expended by the Taxpayer in Carrying On the Activity</u>

The fact that the taxpayer devotes much of his personal time and effort to carrying on an activity, particularly if the activity does not have substantial personal or recreational aspects, may indicate an intention to derive a profit. A taxpayer's withdrawal from another occupation to devote most of his energies to the activity may also be evidence that the activity is engaged in for profit. * * * [Sec. 1.183-2(b)(3), Income Tax Regs.]

Petitioner did not devote a substantial amount of time to the activity. Petitioner was a full-time attorney during the years at issue earning a significant income. This factor favors respondent.

D. <u>The Expectation That Assets Used in the Activity May Appreciate in Value</u>

"The term 'profit' encompasses appreciation in the value of assets, such as land, used in the activity." Sec. 1.183-2(b)(4), Income Tax Regs. The value of the assets, if any, used in the activity and their anticipated appreciation or depreciation were not discussed, nor was any evidence submitted on this issue. This factor is neutral.

E.    The Success of the Taxpayer in Carrying On Other Similar or
      Dissimilar Activities

"The fact that the taxpayer has engaged in similar activities in the past and

converted them from unprofitable to profitable enterprises may indicate that he is

engaged in the present activity for profit, even though the activity is presently

unprofitable."  Sec. 1.183-2(b)(5), Income Tax Regs.  Petitioner did not address this

factor, and there is no evidence that petitioner carried on any successful businesses

in a manner substantially similar to that of the Intcom activity.  He has apparently

successfully run and operated a legal practice, some elements of which may be

similar to Intcom's needs.  This factor is neutral.

F.    The Taxpayer's History of Income or Losses With Respect to the
      Activity

A series of losses during the initial or start-up stage of an activity may
not necessarily be an indication that the activity is not engaged in for
profit.  However, where losses continue to be sustained beyond the
period which customarily is necessary to bring the operation to
profitable status such continued losses, if not explainable, as due to
customary business risks or reverses, may be indicative that the activity
is not being engaged in for profit. * * * [Sec. 1.183-2(b)(6), Income
Tax Regs.]

In the two years at issue petitioner claimed $164,585 in losses from an

activity that has never been profitable.  Although we recognize that an activity may

sustain losses during the initial startup phase, this activity has lost significant

amounts of money over a number of years. There is no indication that losses are subsiding with time. Therefore, we find this factor favors respondent.

G. The Amount of Occasional Profits, If Any, From the Activity

"The amount of profits in relation to the amount of losses incurred, and in relation to the amount of the taxpayer's investment and the value of the assets used in the activity, may provide useful criteria in determining the taxpayer's intent." Sec. 1.183-2(b)(7), Income Tax Regs. The activity has continued to lose large amounts of money and was not profitable in either of the years at issue. We find this factor favors respondent.

H. The Financial Status of the Taxpayer

"Substantial income from sources other than the activity (particularly if the losses from the activity generate substantial tax benefits) may indicate that the activity is not engaged in for profit especially if there are personal or recreational elements involved." Sec. 1.183-2(b)(8), Income Tax Regs. Petitioner earns substantial income from his full-time job as an attorney, and the losses from the activity resulted in substantial tax benefits. During the years at issue petitioner earned in excess of $137,000 a year from his outside job and deducted in excess of $80,000 per year on his Federal income tax returns on account of losses related to the activity. We find this factor favors respondent.

I.    Elements of Personal Pleasure or Recreation

"The presence of personal motives in carrying on of an activity may indicate that the activity is not engaged in for profit, especially where there are recreational or personal elements involved." Sec. 1.183-2(b)(9), Income Tax Regs.  However, "We also note that a business will not be turned into a hobby merely because the owner finds it pleasurable; suffering has never been made a prerequisite to deductibility." Jackson v. Commissioner, 59 T.C. 312, 317 (1972).

Petitioner did not testify at trial to explain his personal views as to the activity.  Petitioner contends that he could not spare time to testify at his trial.  If that is true, it remains unexplained why no one else knowledgeable about the facts appeared on his behalf.  Perhaps there were none, although several years have passed since the asserted business commenced. We note that petitioner's failure to introduce evidence "which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable". See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), aff'd, 162 F.2d 513 (10th Cir. 1947).  The activity required regular travel by petitioner; depending on the nature of this travel it could have been for pleasure or it could have been for business.  This factor is neutral.

After considering all of the above factors as applied to the unique facts and circumstances of these cases, and all other facts we consider relevant, we conclude that the activity was not engaged in for profit within the meaning of section 183. Therefore petitioner is not entitled to deduct expenses in excess of gross income from the activity.[7]

III.   Section 6662(a) Penalty

Respondent determined that petitioner is liable for a section 6662(a) accuracy-related penalty for his 2007 tax year.  Pursuant to section 7491(c), the Commissioner has the burden of production with respect to a taxpayer's liability for a penalty and is, therefore, required to "come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty."  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Subsection (a) of section 6662 imposes an accuracy-related penalty of 20% of the portion of any underpayment attributable to causes specified in subsection (b). Respondent determined that there was a substantial understatement of income tax justifying the penalty.  See subsec. (b)(2).

---

[7]In addition to finding that the activity was not engaged in for profit, we find that petitioner did not adequately substantiate his expenses related to the activity. Petitioner never explained how his expenses related to his business purpose, nor for which of the "assortment of different businesses" his specific expenses were incurred.

There is a "substantial understatement" of income tax for any tax year where the amount of the understatement exceeds the greater of (1) 10% of the tax required to be shown on the return for the tax year or (2) in the case of an individual, $5,000. Sec. 6662(d)(1)(A). Respondent met his burden of production, and petitioner did not address the section 6662(a) penalty. Petitioner presented no evidence that he had reasonable cause for any portion of any underpayment, and he is liable for the penalty.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.